Wollner Manufacturing Co., Inc. v. Commissioner.
Wollner Mfg. Co. v. Commissioner
Docket No. 108628.
United States Tax Court
1943 Tax Ct. Memo LEXIS 384; 1 T.C.M. (CCH) 830; T.C.M. (RIA) 43147; March 27, 1943
*384 Morris J. Goldberg, C.P.A., for the petitioner. Robert S. Garnett, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: The Commissioner determined deficiencies in income and excess profits taxes for 1937 of $310.63 and $273.20, respectively. The sole issue presented is whether petitioner is entitled to accrue a $2,500 deduction as an ordinary and necessary business expense, representing a reasonable allowance for salaries of two of its employees. Findings of Fact Petitioner is a New Jersey corporation with its principal office at Paterson, New Jersey. Its return was filed with the collector for the district of Paterson, New Jersey. Its capital stock was held 98 percent by Maurice Wollner, 1 percent by his wife and 1 percent by his daughter. These three stockholders constituted the board of directors of the petitioner. In January, 1937 petitioner contracted in writing for the services of Harold Wollner and Lawrence Wollner, sons of Maurice Wollner, as factory superintendent and as sales manager, respectively. The employment contracts were for a term of one year each commencing January 1, 1937, provided for salaries of $3,400 and $2,700, respectively, *385 and the payment thereof would be "in such amounts and at such times as the said * * * [employee] should require said monies, but in no event to exceed the sum of * * *" the salary stated in the respective contracts. Each employee agreed that he would "devote his entire time, skill, labor, attention, energies to the performance of his duties * * *" and that he would not directly or indirectly or in any other manner become employed in or connected with any other business during the term of the contract. During the taxable year petitioner paid Harold Wollner $1,900 for his services and Lawrence Wollner $1,700 for his services under and pursuant to the aforesaid employment contracts. On March 12, 1938 petitioner issued checks of $1,500 and $1,000 to Harold Wollner and Lawrence Wollner, respectively, for the balance due them under the above contracts. At the time said checks were issued and at all times prior thereto during 1937 and 1938 petitioner was without funds to cover the checks. The two employees knew the financial condition of petitioner. They agreed with their father that they would endorse the checks over to petitioner and would take back demand notes of even date from the *386 petitioner which would be personally guaranteed by their father, who was president of petitioner. This agreement was carried out, the notes were issued to the employees, and subsequent to March 15, 1938, said notes were paid and satisfied. The employees did not accept petitioner's checks or notes as payment of money due them under the employment contracts. They considered the obligation for salary was paid and satisfied when the notes were paid later in 1938. They reported income on the cash receipts and disbursement basis and the amounts paid on the notes were accounted for as income in their 1938 income tax returns. Petitioner kept its books and reported income on the accrual basis. It accrued the full contract liability to Harold and Lawrence Wollner in 1937 and deducted the amounts accrued from gross income as a business expense of 1937. Respondent disallowed $2,500 thereof upon the ground that the amount claimed to have been paid "on March 12, 1938 as compensation for services rendered, does not represent an allowable deduction from gross income for the year 1937." The disallowance of the sum was the only adjustment made by respondent in determining the deficiencies hereinabove *387 set forth. Opinion Respondent contends that petitioner has failed to establish payment of the $2,500 to the two employees as compensation during the taxable year, or within two and one-half months thereafter, as required by section 24 (c), Revenue Act of 1936, as amended by section 301, Revenue Act of 1937. The pertinent portions of the statute are set forth in the margin. [1]
*388 We have held in , that all three conditions stated in section 24 (c), Revenue Act of 1936, as amended, "must coexist, i.e., as to payment, difference of accounting methods, and limitation by section 24 (b)." To the same effect is our opinion in the , (on appeal C.C.A. 6 * ). Section 24 (b) (1) (A), and (b) (2) (B) and (D) added to section 24 (a), Revenue Act of 1936 by section 301, Revenue Act of 1937, prohibit deductions for losses or exchanges of property, directly or indirectly, between persons occupying the relationships therein specified. We have found as a fact that the employees herein were paid a portion of the compensation provided for by their contracts during the taxable year 1937 and that a balance was due each of them under their contracts. The attempt by petitioner to pay these balances within two and one half months after the close of the taxable year to avoid the prohibition of the statute against deducting such items *389 was clearly unsuccessful. Petitioner had no funds on March 12, 1938, or prior thereto, with which to pay the checks. Both parties to each transaction understood that funds were not available to cash the checks and notes were given for the amount of the checks after endorsement by the payees. Petitioner seeks to raise the fiction that issuance of the checks was the equivalent of payment in cash followed by an immediate loan back of the cash to petitioner, which loans were evidenced by demand promissory notes. In our opinion such action exalts form over substance as the payment was in form only, by checks not to be cashed and known to be worthless. Petitioner issued its checks, secured their endorsement by the payees and immediately exchanged its notes therefor, and now contends that the salaries of its employees were paid within two and one half months after the taxable year. In our opinion petitioner is in the same position it would have been in had it issued its notes directly to its employees in the first instance. Issuance of notes by the debtor and acceptance thereof by the creditor does not constitute payment under the rule announced in , *390 and . We agree with respondent that the compensation was not paid within the time limit set by section 24 (c), Revenue Act of 1936, as amended. The second factor that must coexist, if the deduction of an expense item is to be disallowed, is a difference in methods of accounting. Our findings show that this difference in accounting methods existed, as petitioner was on an accrual basis and accrued the deduction in 1937, while the employees were on the cash basis and accounted for the compensation in the following year when the notes were paid and satisfied. The condition specified in section 24 (c) (2), Revenue Act of 1936, as amended by section 301, Revenue Act of 1937, does therefore exist. Finally, it is apparent from our findings of fact that the taxpayer and the employees, to whom payments were to be made, were persons between whom losses from the sale or exchange of property, directly or indirectly, would be disallowed. True, the employees were neither stockholders nor directors, but all the stock of petitioner was held by their father, mother and sister. In any sales or exchanges of property between employees *391 and the taxpayer, or other members of their family, losses resulting therefrom would have been disallowed under section 24 (b) (1), because, in applying 24 (b) (1), it is specifically provided by section 24 (b) (2) that for the purpose of determining the ownership of stock the family of an individual includes, inter alia, his sister and his ancestors, and the ownership of stock by them is considered by this statutory provision as though owned by the individual. Thus it appears that the employees and the taxpayer were so related through stock ownership that losses from sales or exchanges of property, directly or indirectly, between them would have been disallowed. Where this relationship exists the amendment to section 24 (a), Revenue Act of 1936, by section 301, Revenue Act of 1937, which adds section 24 (c), applies and prohibits the deduction of expenses incurred in 1937, if said expenses were not paid within two and one half months after the close of 1937, if taxpayer's and the employees' method of accounting differ, and if the relationship between the taxpayer and the person to whom payment is to be made falls within the limitation on losses found in section 24 (b), as amended. *392 As hereinabove pointed out, all three factors coexist in this case and respondent properly denied the deduction of $2,500 claimed for 1937. Decision will be entered for the respondent. Footnotes
1. SEC. 301. DISALLOWED DEDUCTIONS. (a) Section 24 (a) of the Revenue Act of 1936 is amended to read as follows: (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - * * * * *
(b) Losses from Sales or Exchanges of Property. - (1) Losses Disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - (A) Between members of a family, as defined in paragraph (2) (D); (B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual; * * * * *
(2) Stock Ownership, Family, and Partnership Rule. - For the purposes of determining, in applying paragraph (1), the ownership of stock - * * * * *
(B) An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family; * * * * *
(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors; and lineal descendants; and * * * * *
(c) Unpaid Expenses and Interest. - In computing net income no deduction shall be allowed in respect of expenses incurred under section 23 (a) or interest accrued under section 23 (b) - (1) If not paid within the taxable year or within two and one-half months after the close thereof; and (2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).↩
*. BTA decision subsequently reversed and remanded by CCA-6, .↩